Nina B. PERKINS *v.* ARKANSAS STATE
HIGHWAY DEPARTMENT and PUBLIC EMPLOYEES
CLAIMS DIVISION

CA 82-86                                    634 S.W.2d 399

Court of Appeals of Arkansas
Opinion delivered June 16, 1982
[Rehearing denied June 30, 1982.]

*Arnold, Lavender, Rochelle, Barnette & Franks,* by: *Charles D. Barnette,* for appellant.

*David B. Simmons,* Public Employees Claims Div., Ark. Insurance Dept., for appellees.

DONALD L. CORBIN, Judge. Appellant, Nina B. Perkins, alleges that as the common-law widow of Daniel T. Danelley, deceased, she is entitled to weekly benefits as a dependent widow. The commission denied appellant benefits on the basis that the statute of limitations, Ark. Stat. Ann. § 81-1318 (b), barred her claim. We affirm.

The decedent was an employee of the Arkansas State Highway Department and died as a result of injuries which arose out of and during the scope of his employment on June 23, 1978. Appellant caused a letter to be sent to the Workers' Compensation Commission dated August 23, 1978, which stated, among other things, the following:

> Mrs. Perkins has indicated that she does not wish to assert a claim at this time for indemnity benefits as we expect to recover on her behalf sums in excess of her entitlement under the Workers' Compensation Act from the Third-Party Defendant. I am submitting for consideration, however, the statement of Hanner Funeral Service for the expenses of the funeral of Mr. Danelley.

Funeral expenses of $750.00 and an ambulance charge of $30.00 were then paid by the appellees in 1978. No further claim for additional benefits was made by appellant until May 15, 1981, which was more than two years from June 23, 1978, and more than one year from the payment of the funeral expenses and ambulance bill. The commission treated the letter of May 15, 1981, as a claim for widow's benefits and considered it in no other light than a claim for additional benefits since the benefits for the funeral and ambulance bills had been claimed and paid.

The court stated in *Superior Federal Savings and Loan Ass'n* v. *Shelby*, 265 Ark. 599, 580 S.W.2d 201 (1979):

> [T]he primary purpose of the one year statute of limitations is to give the claimant that much extra time to decide whether he has been fully compensated for his injury, and not for the purpose of paying belated medical bills.

We agree with the commission that while the case at bar does not involve the payment of medical expenses, it does involve the payment of compensation, which is a key to invoking a defense provided under Ark. Stat. Ann. § 81-1318 (b). The fact that appellees paid $750.00 in funeral expenses and a $30.00 ambulance bill clearly makes appellant's claim of May 15, 1981, a claim for additional benefits.

Since we hold that the statute bars the claim, we do not have to reach the issue of whether appellant proved she was legally married to the deceased.

We affirm.